STONE, Judge.
We reverse the order holding appellant in civil contempt of court. The record evidence, including appellant’s proffer, establishes only that his failure to presently pay the full amount of alimony due was not willful. We accept appellant’s unrebutted proffer as true, noting that the trial court severely limited the time available for the presentation of evidence resulting in the proffer.
There is no evidence in the record refuting appellant’s proof that his income was drastically reduced by economic conditions beyond his control. His present income is less than a third of what it was at the time of the final judgment. Likewise, there is no indication that the equity, if any, in the appellant’s professional practice or his automobile could reasonably be converted into cash. Rather, all of the evidence is to the contrary.
A present ability to purge is a prerequisite to incarceration for civil contempt. E.g., Bowen v. Bowen, 471 So.2d 1274 (Fla.1985). We note that the record does not reveal that the appellant is hiding either income or assets, or that any of his expenses, business or personal, were unreasonable or unnecessary.
Therefore, the contempt order is reversed. There is no need to address the other issues raised.
DOWNEY, J., concurs.
GUNTHER, J., dissents without opinion.